## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

PAULA JACKSON,                          )
                                        )
      Petitioner,                )
                                        )
v.                                      )          Civil Action No. 1:18-01022
                                        )
ACTING WARDEN SAAD,                     )
                                        )
      Respondent.                )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

From November 2010 until March 2013, Petitioner committed the federal offense of Health Care Fraud and Conspiracy to Distribute and Possess with the Intent to Distribute Oxycodone and Oxymorphone. (Document No. 8-1, pp. 10 – 14.) On April 2, 2013, Petitioner was arrested by Pennsylvania State authorities for various State offenses as charged in Case Nos. MJ-10209-CR-0000107-2013 and MJ-10209-CR-0000107-2013 in the Westmoreland County Magisterial District Court. (Id., pp. 23 – 29.) Subsequently, the above State cases were

1

transferred to the Westmoreland County Court of Common Pleas and assigned Case Nos. CP-65-CR-0001783-2013 and CP-65-CR-0001782-2013. (<u>Id.</u>, pp. 31 – 41.) On April 19, 2013, Petitioner was sentenced by the Crawford County Court of Common Pleas in Case No. CP-20-CR-0000796-2012, to a 16-month to five-year term of imprisonment for Intent to Possess a Controlled Substance by a Person Not Registered. (<u>Id.</u>, pp. 43 – 50.) On June 10, 2013, Petitioner was sentenced by the Fayette County Court of Common Pleas in Case No. CP-26-0001211-2012, to a 6-month to two-year terms of imprisonment for Intent to Possess a Controlled Substance by a Person Not Registered. (<u>Id.</u>, pp. 56 – 67.)

On July 25, 2013, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Pennsylvania. (Document No. 8-1, pp. 69 – 71.) On the same day, Petitioner appeared in the United States District Court for the Western District of Pennsylvania for her Initial Appearance and Arraignment and was returned to State custody. <u>United States v. Jackson</u>, Criminal Action No. 2:13-00197, Document Nos. 9 and 12; (Document No. 8-1, p. 70.) On February 5, 2014, Petitioner was again borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Pennsylvania for proceedings upon her Federal charges. <u>Jackson</u>, Criminal Action No. 2:13-00197, Document No. 28; (Document No. 8-1, p. 70.) Specifically, Petitioner pled guilty to one count of Health Care Fraud in violation of 18 U.S.C. § 1347 (Count One); and one count of Conspiracy to Distribute and Possess with Intent to Distribute in violation of 21 U.S.C. § 846 (Count Two). <u>Jackson</u>, Criminal Action No. 2:13-00197, Document No. 28. Petitioner was returned to State custody the same day. (Document No. 8-1, p. 70.) On May 14, 2014, Petitioner was again borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Pennsylvania for purposes

2

of sentencing upon her Federal charges. <u>Jackson</u>, Criminal Action No. 2:13-00197, Document No. 41; (Document No. 8-1, p. 70.). On May 14, 2014, the District Court sentenced Petitioner to "96 months at Count 1 of the Indictment and 96 months at Count 2 of the Indictment, to be served concurrent with each other, and concurrent with any other state court sentence she is currently serving, for a total of 96 months imprisonment." <u>Jackson</u>, Criminal Action No. 2:13-00197, Document No. 41; (Document No. 8-1, pp. 16 - 21.) Petitioner was returned to State custody the same day. (Document No. 8-1, p. 70.) The BOP commenced Petitioner's Federal sentence on the date it was imposed, May 14, 2014. (<u>Id.</u>, p. 76.)

On June 10, 2014, the charges pending in the Westmoreland County Court of Common Pleas in Case Nos. CP-65-CR-0001783-2013 and CP-65-CR-0001782-2013 were *nolle prossed*. (<u>Id.</u>, pp. 35 and 41.) On March 6, 2015, Petitioner was paroled by the State of Pennsylvania and released on the Federal detainer to the custody of the USMS. (<u>Id.</u>, pp. 70 and 73.)

On June 12, 2018, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 1.)[1] Petitioner alleges that the BOP is improperly calculating the term of her imprisonment. (<u>Id.</u>, pp. 6 - 8.) Petitioner explains that on May 14, 2014, the Federal sentencing judge ordered that her 96-month Federal sentence was to run concurrent to her Pennsylvania sentence. (<u>Id.</u>) Petitioner states that her Pennsylvania sentence began on April 1, 2013. (<u>Id.</u>) Plaintiff, however, complains that the BOP staff are only giving her Federal credit starting on May 14, 2014 (the date of the imposition of her Federal sentence). (<u>Id.</u>) Therefore, Plaintiff requests that this Court award her Federal

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3

credit from April 1, 2013, through May 13, 2014. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Sentence Monitoring Computation Data As of 07-08-2016" (Document No. 1-1, pp. 1 – 2.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data As of 09-01-2015" (Id., pp. 3 – 4.); (3) A copy of Petitioner's "Receipt – Administrative Remedy" dated September 21, 2016, from the Administrative Remedy Coordinator at FPC Alderson (Id., p. 5.); and (4) A copy of a Memorandum For Administrative Remedy File dated September 30, 2016, stating that Petitioner's Request for Administrative Remedy had been informally resolved as the calculation of her sentence had been explained to Petitioner by proper officials (Id., p. 6.).

By Order entered on July 5, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On July 19, 2018, Respondent filed her Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust her administrative remedies" (Id., pp. 4 – 5.); (2) "Petitioner's federal sentence commenced on May 14, 2014" (Id., pp. 5 - 9.); and (3) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 9 - 10.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Forest Kelly, Correctional Program Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas (Document No. 8-1, pp. 2 - 5.); (2) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated July 12, 2018 (Id., pp. 7 – 8.); (3) A copy of Petitioner's Indictment as filed in the Western District of Pennsylvania in Criminal Action No. 13-197 (Id.,

pp. 10 – 14.); (4) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Western District of Pennsylvania in Criminal Action No. 13-197 (Id., pp. 16 – 22.); (5) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. MJ-10209-CR-0000107-2013 (Id., pp. 23 – 25.); (6) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. MJ-10209-CR-0000108-2013 (Id., pp. 27 – 29.); (7) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. CP-65-CR-0001783-2013 (Id., pp. 31 – 35.); (8) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. CP-65-CR-0001782-2013 (Id., pp. 37 – 41.); (9) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. CP-20-0000796-2012 (Id., pp. 43 – 50.); (10) A copy of Petitioner's Commonwealth of Pennsylvania Department of Corrections "Sentence Status Summary" (Id., pp. 52 – 54.); (11) A copy of the docket sheet for Commonwealth of Pennsylvania v. Jackson, Case No. CP-26-0001211-2012 (Id., pp. 56 – 67.); (10) A copy of USMS Form 129 (Id., pp. 69 – 71.); (12) A copy of Petitioner's "Order To Release on Parole" (Id., p. 73.); and (13) A copy the Petitioner's "Public Information Inmate Data as of 07-10-2018" (Id., pp. 75 – 76.).

By Order and Notice entered on July 19, 2018, the undersigned advised Petitioner of her right to file a Reply to Respondent's Response. (Document 9.) On August 1, 2018, Petitioner filed a "Motion for Temporary Removal of Petitioner's Request for Jail Time Credit." (Document No. 10.) Petitioner states that she is "seeking temporary removal of her request for jail credit to seek administrative remedy before proceeding in the United States District Court for relief." (Id.) Petitioner, therefore, "seeks a temporary withdrawal of her Motion until further notice." (Id.)

## ANALYSIS

**1.    Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an

6

"Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Respondent argues that Petitioner's Section 2241 Petition should be denied because

Petitioner did not exhaust her administrative remedies. (Document No. 8, pp. 4 - 5.) Respondent acknowledges that Petitioner filed Administrative Remedy ID No.876736-F1 challenging the computation of her sentence and seeking recalculation of her sentence. (Document No. 8, p. 5 and Document No. 8-1, p. 8.) Petitioner, however, withdrew her administrative remedy request. (Id.) In Reply, Petitioner filed a Motion acknowledging that she failed to fully exhaust her administrative remedies and requesting "temporary removal" of her Petition. (Document No. 10.) Petitioner requests that the Court allow her to "temporary remov[e] of her request for jail credit to seek administrative remedy before proceeding in the United States District Court for relief." (Id.) The undersigned construes the foregoing as a request to stay the above proceeding pending exhaustion. It is well established, however, that administrative remedies must be exhausted **prior** to seeking *habeas* review under Section 2241. Accordingly, the undersigned respectfully recommends that Petitioner's "Motion for Temporary Removal of Petitioner's Request for Jail Time Credit" (Document No. 10) be denied. Because Petitioner failed to properly exhaust administrative remedies with respect to her claims in this matter, the undersigned concludes, and hereby respectfully recommends, that this matter should be dismissed. Notwithstanding Plaintiff's failure to exhaust, the undersigned will briefly consider the merits of her claims.

**2.      Petitioner's Federal sentence did not commence until May 14, 2014.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made

concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on May 14, 2014. Although the District Court ordered that Petitioner's Federal sentence was to run concurrently with her State sentence, Petitioner's sentences may not run fully concurrently.

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a Federal sentence to begin to run while an inmate is in State custody. See 18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal

sentence"). In the instant case, the District Court ordered that Petitioner's Federal sentence was to run concurrent with Petitioner's State sentences. Based upon a review of the record, the undersigned finds that the BOP appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on the date of its imposition (May 14, 2014). Thus, Petitioner was given Federal credit for time served in State custody regarding her concurrent Federal sentence.

**3.      Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive *additional* prior custody credit. To the extent Petitioner is seeking Federal credit for time served in State custody

following her arrest (April 2, 2013) through May 13, 2014 (the date prior to the imposition of her Federal sentence), the undersigned will consider her claim. The record reveals that the BOP has granted Petitioner prior custody credit for April 2, 2013 (the date of her State arrest) through April 18, 2013 (the date prior to the imposition of her State sentence in Case No. CP-20-CR-0000796-2012), which totaled 17 days. (Document No. 8-1, p. 76.) The record reveals that Petitioner received credit towards her State sentence for the time period of April 19, 2013 (date of imposition of State sentence) through May 13, 2014 (day prior to imposition of Federal sentence). The BOP may not grant *prior custody credit* for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4ᵗʰ Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4ᵗʰ Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and "Motion for Temporary Removal of Petitioner's Request for Jail Time Credit" (Document No. 10), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: November 28, 2018.

Omar J. Aboulhosn
United States Magistrate Judge