# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**PAULA JACKSON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:18-01022**

**ACTING WARDEN SAAD,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on November 28, 2018, in which he recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241, deny plaintiff's "Motion for Temporary Removal of Petitioner's Request for Jail Time Credit", and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff sought an extension of time to file objections to the PF&R. (ECF No. 12). The court granted plaintiff's motion for an extension, giving her until January 17, 2019, to file objections. (ECF No. 13). Rather than file objections, plaintiff filed a "Reply to Order of December 27, 2018" in which she requests additional time to file objections. (ECF No. 14).

Magistrate Judge Aboulhosn recommended the denial of plaintiff's § 2241 petition based upon her failure to exhaust administrative remedies. Notwithstanding his recommendation based upon exhaustion, Magistrate Judge Aboulhosn nevertheless addressed the merits of plaintiff's claim and concluded that she was not entitled to any additional prior custody credit.

Jackson has readily acknowledged that she failed to exhaust her administrative remedies prior to filing this lawsuit. She maintains, however, that she has attempted to exhaust those remedies while this lawsuit has been pending. Her requests for extensions of time to respond to the PF&R have mentioned that she is awaiting a response from the General Counsel. In her latest filing, Jackson essentially asks the court to put this case "on hold" pending her completion of the administrative remedy process.

As Magistrate Judge Aboulhosn noted in his PF&R, administrative remedies are to be exhausted _prior_ to filing suit.

See ECF No. 11 at p.8.  Exhaustion of administrative remedies serves several important purposes.  As one court explained:

> By delaying judicial intervention and requiring compliance with administrative procedures, courts promote two main purposes.  First, exhaustion protects "executive and administrative autonomy." McKart v. United States, 395 U.S. 185, 194 (1969); see also McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992).  Because Congress delegated authority to the agency, not the courts, the agency should have primary responsibility for its own program; the courts should ordinarily not intervene unless the agency has completed its review or has clearly exceeded its jurisdiction.  McCarthy, 503 U.S. at 145.  By reviewing the case, the administrative agency has the opportunity to exercise its discretionary power and apply its unique expertise.  Id.  Exhaustion also allows the agency to correct its own mistakes involving the programs it administers before the petitioner hales it into federal court.  Id.  Furthermore, exhaustion discourages the disregard of administrative procedures and the "frequent and deliberate flouting of administrative processes" which weaken the agency's effectiveness.  Id. (quoting McKart, 395 U.S. at 195).
>
> Exhaustion of administrative remedies also promotes judicial efficiency.  When an agency may correct its own errors, judicial controversies may be mooted and piecemeal appeals are frequently avoided, thus conserving scarce judicial resources.  Id.  Even where judicial review is warranted, the prescribed administrative procedure generally produces a useful factual record for subsequent judicial review.  Id.

Reeder v. Phillips, Civ. Action No. 1:07CV138, 2008 WL 2434003, *2 (N.D.W. Va. June 12, 2008); see also Morales-Herrera v. Owen, Civil Action No. 6:12-825-RBH, 2002 WL 34729276, *1 (D.S.C. Oct. 26, 2002) ("It is well-settled that a federal prisoner is

3

required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.").

The rationale underlying the exhaustion requirement is borne out in the instant case. Jackson filed her petition and the magistrate judge directed the defendant to respond. Defendant responded, pointing out Jackson's failure to exhaust. Jackson's efforts since then have been directed solely at staying this case pending completion of the administrative process. Plaintiff has not even attempted to address the other problems with her case as explained in the PF&R. It is an inefficient use of judicial resources to allow this case to languish while Jackson attempts to address only one of the grounds for denial of habeas relief identified by Magistrate Judge Aboulhosn.

Furthermore, the alleged lack of response from the General Counsel should not have been an impediment to plaintiff filing objections in this matter. Indeed, the BOP's regulations provide guidance for an inmate who does not receive a response at any level of the administrative remedy program.

> The BOP's administrative remedy program contemplates such a scenario per the following regulation: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, the warden's alleged failure to respond constitutes a denial, and if Petitioner is dissatisfied, he must still pursue the next two levels of administrative review by appealing to the appropriate regional

4

>director, and if necessary, to the general
>counsel.  See 28 C.F.R. §§ 542.14 and 542.15.

Taylor v. Warden, Satellite Prison Camp at Edgefield, South Carolina, Civil Action No.: 2:16-cv-01826-RBH, 2017 WL 359497, *3 (D.S.C. Jan. 25, 2017) (dismissing § 2241 petition for failure to exhaust) (internal footnote admitted); see also Douglas v. Johns, No. 5:09-CT-3180-FL, 2011 WL 2173627, *2 (E.D.N.C. Jun. 2, 2011) ("Plaintiff argues that his failure to exhaust should be excused because the Regional Office did not respond to his BP-10 Administrative Remedy Request.  (Or at least, the he never received the BOP's response.) . . .  [P]laintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to completely exhaust his remedies.").  In this case, Jackson should have considered the non-response of the BOP General Counsel to be a denial at that level.

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the requisite time period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241, **DENIES** plaintiff's "Motion for Temporary Removal of Petitioner's Request for Jail Time Credit", and

directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 24th day of January, 2019.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge